IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

VISTA BANK, A DIVISION OF      §
NBH BANK,                      §
                               §
                Plaintiff,     §
                               §
VS.                            §      Civil Action No. 3:25-CV-2242-D
                               §
CALCOT, LTD,                   §
                               §
                Defendant.     §

MEMORANDUM OPINION
AND ORDER

Plaintiff Vista Bank, a Division of NBH Bank ("Vista Bank"), has filed a motion to compel discovery, to which defendant Calcot, Ltd. ("Calcot") has not responded.[1]  For the reasons that follow, the court grants Vista Bank's motion to compel, including its request for reasonable attorney's fees and costs, and orders Calcot to fully respond to Vista Bank's discovery requests within 28 days.

I

Vista Bank has held a first lien, priority security interest against 23,305 bales of cotton farmed by four non-party debtors ("Debtors") since 2017.  Calcot is a USDA-credentialed cotton marketing cooperative that allegedly sold the Debtors' cotton but failed to account for, or tender, the sale proceeds to Vista Bank, as required.  In this lawsuit, Vista Bank sues Calcot to recover over $15 million in damages that it alleges were directly caused by Calcot's

_____

[1]Under N.D. Tex. Civ. R. 7.1(e), Calcot's response was due June 30, 2026.

intentional conversion, conspiracy with its board member, and fraudulent concealment.

Vista Bank has served several sets of discovery requests on Calcot.  In its responses to Vista Bank's requests for production ("RFPs") Nos. 24, 30, 43, 45, 46, 51, 52, 53, 65, 67, 74, 75, 76, 96, and 98, Calcot has certified that no documents responsive to any of these requests exist.[2]  It has responded to Vista Bank's Interrrogatory No. 17 that "after a diligent search and reasonable inquiry, no information responsive to this request were found."  P. App. (ECF No. 36) at 20.  And it has provided incomplete answers to Interrogatories Nos. 3 and 4.

On June 9, 2026 Vista Bank filed the instant motion to compel discovery, seeking complete answers to Interrogatories Nos. 3, 4, and 17; production of the sales documents Calcot asserts do not exist (requested in RFPs Nos. 24, 30, 43, 45, 46, 51, 52, 53, 65, 66, 67, 74, 75, 76, 96, and 98); and an award of attorney's fees under Rule 37(a)(5)(A).  Calcot has not responded to Vista Bank's motion.

II

Under Fed. R. Civ. P. 26(b)(1), "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  And, under Rule 37(a)(3)(B), "[a]

---

[2]In response to RFP No. 66, Calcot responded, "See CALCOT001676-CALCOT001683 produced herewith."  P. App. (ECF No. 36) at 147.  Vista Bank maintains that this is "a limited set of documents that does not constitute a complete response to the request and does not address the full scope of the allocation and distribution records Vista Bank sought."  P. Br. (ECF No. 35) at 9.

party seeking discovery may move for an order compelling an answer, designation, production, or inspection" when the party from whom discovery is sought fails to produce requested documents or respond to an interrogatory or request for admission.  The burden is on the party resisting discovery—here, Calcot—to establish why the motion to compel should not be granted.  *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Ramirez, J.); *see also Lozano v. Dorel Juv. Grp.*, 2010 WL 11619687, at *1 (N.D. Tex. May 26, 2010) (Means, J.) ("Generally, the burden is on the party seeking to avoid compliance with a discovery request to show that the request is improper[,]" such that "in the context of a motion to compel, the party who opposes discovery must 'show specifically how [the request] is not relevant or how [the request] is overly broad, burdensome, or oppressive.'" (second and third alterations in original) (quoting *McLeod, Alexander, Powell and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990))).

## III

It is Calcot's burden to establish why Vista Bank's motion to compel should not be granted.  *Merrill*, 227 F.R.D. at 470; *Lozano*, 2010 WL 11619687, at *1.  Because Calcot has not responded to Vista Bank's motion, it has failed to meet this burden.  Accordingly, the court grants Vista Bank's motion to compel discovery and orders Calcot to fully respond to Interrogatories Nos. 3, 4, and 17, and to produce documents responsive to RFPs Nos. 24, 30, 43, 45, 46, 51, 52, 53, 65, 66, 67, 74, 75, 76, 96, and 98, within 28 days of the date this memorandum opinion and order is filed.

IV

Vista Bank moves for an award attorney's fees and costs incurred in connection with its motion to compel. Under Rule 37(a)(5)(A), if a motion to compel is granted,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> > (iii) other circumstances make an award of expenses unjust.

Because the court is granting Vista Bank's motion to compel discovery and has determined that none of the exceptions listed in Rule 37(a)(5)(A) applies in this case, the court awards Vista Bank its reasonable expenses, including attorney's fees, associated with this motion to compel discovery. Within 28 days of the date this memorandum opinion and order is filed the parties must meet and confer in an attempt to agree on the amount of reasonable attorney's fees and costs to be awarded to Vista Bank. If the parties cannot reach agreement, Vista Bank may file a motion for such reasonable attorney's fees and costs. And if the court grants Vista Bank relief that is greater than what it seeks in the meet and confer process, the court may award Vista Bank additional reasonable attorney's fees and costs incurred in filing its motion for attorney's fees and costs.

\*   \*   \*

For the reasons explained, the court grants Vista Bank's motion to compel discovery, including its request for reasonable attorney's fees and costs.

**SO ORDERED**.

July 27, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE